```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOE ANN MCCRAY,                                      :
                                                     :
                        Plaintiff,                   :
                                                     :      10 Civ. 3152 (PAC) (DF)
        - against -                                  :
                                                     :      ORDER ADOPTING R&R
THE CITY UNIVERSITY OF NEW YORK,                     :
                                                     :
                        Defendant.                   :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 25, 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

      Joe Ann McCray ("McCray") filed this employment discrimination action, pro se, on April 14, 2010, against her former employer, Allied Barton Security Services ("Allied Barton")[1] and the City University of New York ("CUNY") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-17; the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 et seq.; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.

      After the Court referred the general pretrial and dispositive motions in the case to Magistrate Judge Debra C. Freeman by Order dated April 22, 2010, CUNY moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that the Eleventh Amendment grants it sovereign immunity and that, since it was not McCray's employer, McCray cannot state a claim against it for employment discrimination. (See Memorandum of Law in Support of Defendant CUNY's Motion to Dismiss the Complaint ("Def. Mem.").) On January 3, 2011, Magistrate Judge Freeman issued a Report and Recommendation ("R&R"), recommending that

---

[1] Pursuant to a settlement agreement, on September 17, 2010, McCray's claims against Allied Barton were dismissed with prejudice. (See Stipulation of Partial Dismissal with Prejudice.)

the Court grant the motion. The Court has reviewed the R&R and McCray's objections filed on February 17, 2011. For the reasons that follow, the Court adopts Magistrate Judge Freeman's findings and recommendations and dismisses the Complaint with leave to amend.

## I.   Facts[2]

In August of 2007, Allied Barton hired McCray, who is black, as a security officer and assigned her to a post at the City College of New York ("CCNY"), a part of CUNY. Plaintiff asserts that on or about November 30, 2007, she learned that Jenny Castilla, a female officer who worked with her at the time, had made false statements about her to a third officer. On December 24, 2007, McCray confronted Officer Castilla about her false statements, and an altercation between them ensued. Shortly thereafter, Allied Barton transferred McCray from CCNY to work an outdoor post at a different job site.[3] McCray informed her supervisor and Allied Barton's Human Resources District Manager that she was unable to work outdoors because of a disability, and requested that she be provided with a reasonable accommodation. Plaintiff alleges that, in response to her request for reasonable accommodation, she was terminated. (See Complaint at 2; Letter to the Court from Plaintiff, dated Nov. 4, 2010 ("Pl. Opp.") ¶ 2.)

## II.   Procedural History

McCray's Complaint alleges that CUNY violated the ADA by failing to accommodate her disability, and violated NYHRL by terminating her employment on the basis of her race and national origin. (See Complaint at 1.) While her Complaint did not explicitly allege any claim of

---

[2] These facts are taken from the Plaintiff's Complaint and Opposition letter.
[3] The manner in which McCray was transferred is unclear from her Complaint and Opposition letter. In her most recent letter to the Court dated Feb. 15, 2011, however, McCray states that she requested the transfer. (See Plaintiff's Objection, dated Feb. 15, 2011 ("Pl. Obj.")).

discrimination under Title VII, McCray included such a claim in her EEOC charge, filed on July 31, 2008. (See Declaration of Neil Shevlin, Exhibit B.) Furthermore, in a letter to the court dated October 13, 2010, McCray stated her claim of "race discrimination under Title VII of the Civil Rights Act of 1964," and requested consideration of her case and remuneration for pain and suffering. (See Pl. Opp.)

On August 23, 2010, CUNY moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On January 3, 2011, Magistrate Judge Debra Freeman issued her R&R, recommending dismissal with prejudice of the ADA and NYHRL claims, but affording thirty days to replead her Title VII claim. (See Report and Recommendation ("R&R") at 1-2.) Specifically, Magistrate Judge Freeman concluded that the Eleventh Amendment provided CUNY with immunity from McCray's ADA and NYHRL claims. (See id. at 5-6.) To the extent that McCray asserted a Title VII claim, Magistrate Judge Freeman found that the Eleventh Amendment did not shield CUNY from suit because Congress had abrogated state immunity with respect to such claims. While McCray did not allege sufficient facts to state a Title VII claim, Magistrate Judge Freeman recommended granting her thirty days to replead this claim, (1) to make explicit that she is asserting a claim under Title VII, if she wishes to do so; and (2) to allege facts sufficient to support a claim that CUNY exercised sufficient control over the terms and conditions of McCray's work to be considered her employer at the time of the allegedly discriminatory acts. (See R&R at 7-9.)

### III.   Objections

On February 15, 2011, the Court received a single-page document from McCray.  While the document is untitled, the Court treats it as a timely Objection from the Plaintiff.[4] In this document, McCray alleges that: (1) she was hired by Allied Barton Security in August of 2007 as a security officer; (2) she was assigned to work at CCNY, a part of CUNY; (3) after she got into an altercation with Officer Castillo, CCNY launched an investigation into the matter, a disciplinary suit followed and Castillo' shifts were changed; (4) on December 28, 2007, McCray asked for a transfer to another work site; (5) after placing her request, she was transferred to an outdoor post, where she was unable to work because of her disability; and (6) after filing a written complaint to Allied Barton's Human Resources director, McCray's employment was terminated. (See Pl. Obj. ¶ 1.)

McCray alleges that CUNY was her employer.  While CUNY was not the direct employer of the security officers, CUNY "set the guidelines of the type of officers that are needed in their facility." (See Pl. Obj. ¶ 2.)  She continues that, "[i]n contracting Allied Barton as their security agency, CUNY indeed controlled some aspects of the employee-employer relationship[,] including the number of officers needed, the amount of hours needed for each shift[], [the] need for tracking employment records and [for] handling disputes." (Pl. Obj. ¶ 2.) McCray also alleges that in their contractual agreement with Allied Barton, CUNY "can refuse employment of any security guard, or request officers with certain types of characteristics

---

[4] While McCray represented to opposing Counsel that this document was intended to serve as an Amended Complaint, (see Defendant's Letter to the Court, dated Feb. 22, 2011), it was received during the time period for Objections to the R&R. Given the special solicitude owed to pro se plaintiffs, the Court treats this letter as an Objection and provides McCray with an opportunity to replead.

(including: age, race and gender) from Allied Barton." (Id.)  Therefore, she asserts, CUNY is an employer as defined in Title VII of the Civil Rights Act of 1964. (Id.)

On February 16, 2011, the Attorney General's Office, on behalf of CUNY, informed the Court that CUNY would not be filing objections to Judge Freeman's Report and Recommendations.  (See Defendant's Letter to the Court, dated Feb. 16, 2011.)

### IV. Discussion

A district court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When a timely objection has been made to the recommendations of the magistrate judge, the court is obligated to review the contested issues de novo. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998).  Pro se complaints should be read with "special solicitude," and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is properly dismissed for lack of subject matter jurisdiction if the Court lacks the statutory or constitutional power to adjudicate it.  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  To survive dismissal under Rule 12(b)(6), a complaint must plead sufficient "facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To be plausible, the plaintiff's factual allegations must demonstrate "more than a sheer possibility that a defendant has acted unlawfully," and that the plaintiff's claim is more than merely "conceivable." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 1951 (2009).  A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional

question before reaching a decision on the merits.  Perciballi v. New York, No. 09 Civ. 6933 (WHP), 2010 WL 3958731, at *2 (S.D.N.Y. Sept. 28, 2010).

### a. ADA and NYHRL Claims

Under the Eleventh Amendment, the judicial power of the United States is not extended to suits by citizens against "one of the United States," unless the state consents to such a suit, or Congress has expressly abrogated its immunity.  See Board of Trustees v. Garrett, 531 U.S. 356, 363 (2001); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).  As Magistrate Judge Freeman noted, the Second Circuit has held that the four-year senior colleges of CUNY, including CCNY, are considered "arms of the State," and thus "suits against CUNY are equivalent to suits against the State of New York and are therefore barred by the Eleventh Amendment."  Clissuras v. City Univ. of New York, 359 F.3d 79, 83 (2d Cir. 2004). See also North Ins. Co. of New York, v. Chatham County, Georgia, 547 U.S. 189, 193 (2006) (holding that state sovereign immunity extends to state agencies that constitute "arms of the state").

The United States Supreme Court has concluded that Title I of the ADA "does not abrogate the sovereign immunity enjoyed by the State of New York or its agencies and officials." Canales-Jacobs v. New York State Office of Court Administration, 640 F. Supp. 2d 482, 498 (S.D.N.Y. 2009).  Accordingly, because CUNY is an arm of the state, and because the state has not consented to suits under Title I of the ADA, McCray's claims under Title I of the ADA are barred.

Furthermore, the Eleventh Amendment bars suits in federal court against non-consenting states for violations of state law, including state statutes such as the NYHRL.  See Pennhurst, 465 U.S. at 119-121; Kremer v. New York State Ins. Dep't, No. 06 Civ. 9949, 2009 WL 777721, at *3 (S.D.N.Y. Mar. 25, 2009) (holding that New York State has not consented to suits against it

under the NYHRL in federal court).  The Court adopts Magistrate Judge Freeman's R&R and holds that McCray's ADA and NYHRL claims are dismissed with prejudice.

### b. Title VII Claims

With respect to McCray's Title VII claim, however, Congress has abrogated the states' immunity against these claims by its authority under Section 5 of the Fourteenth Amendment. See Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

To state a claim of national origin or race discrimination under Title VII, a plaintiff must allege that she belongs to a protected class, suffered an adverse employment action, and that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.  Sanders v. New York City Human Resources Administration, 361 F.3d 749, 755 (2d Cir. 2004).  Thus, the existence of an employer-employee relationship is a "primary element" of Title VII claims.  Gulino v. New York State Ed. Dep't, 460 F.3d 361, 370-72 (2d Cir. 2006).  The term "employer" is viewed functionally, encompassing persons who are not technically employers "but who nevertheless control some aspect of an employee's compensation or terms, conditions, or privileges of employment."  Gore v. RBA Group, Inc., No. 03 Civ. 9442 (KMK), 2008 WL 857530, at *3 (S.D.N.Y. Mar. 31, 2008) (internal quotation marks omitted).  As the Second Circuit has explained, "an employee, formally employed by an entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law."  Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 198 (2d Cir. 2005).  Relevant factors to determining whether there is sufficient control over an employee include "commonality of hiring, firing, discipline, pay, insurance, records, and supervision." Gore, 2008 WL 857530, at *4.  Furthermore, the fact that a government entity requests that a

security guard no longer be assigned to its work sites does not in itself give rise to an employer-employee relationship.  See Gonzalez v. Allied Barton Sec. Servs., No 08 Civ. 9291 (RJS) (RLE), 2010 WL 3766964, at *3-4 (S.D.N.Y. Sept. 7, 2010).

The Court agrees with Magistrate Judge Freeman that, in her initial complaint, McCray failed to allege any facts that plausibly suggest that CUNY exercised control over her employment.  Rather, she alleged only that she was hired by Allied Barton; that, after an incident between her and another security officer, she was transferred; and that, after submitting a request for a reasonable accommodation to Allied Barton's Human Resources, she was terminated. (See Complaint at 7-8.)  McCray's Objection now asserts that CUNY "set[s] the guidelines of the type of officers that are needed in their facility," and "controlled some aspects of the employee-employer relationship[,] including the number of officers needed, the amount of hours needed for each shift[], [the] need for tracking employment records and [for] handling disputes." (Pl. Obj. ¶ 2.)  Furthermore, McCray alleges that in its contractual agreement with Allied Barton, "CUNY can refuse employment of any security guard, or request officers with certain types of characteristics (including: age, race and gender) from Allied Barton." (See id.)

Despite these additional statements, McCray has still failed to sufficiently allege that CUNY was her employer.  She states that she was hired by Allied Barton. (See Complaint at 7.) After the altercation with Officer Castillo, McCray states that she approached Allied Barton – not CUNY – to request a transfer to a different job site. (See Pl. Obj. ¶ 1.)  After her transfer, McCray alleges that she approached Allied Barton – not CUNY – for a reasonable accommodation, and that it was Allied Barton who terminated her. (See id.)

Even if the Court were to find that there was an employer-employee relationship, however, McCray has still failed to state a claim for two reasons.  First, she has alleged no facts

that CUNY took an adverse employment action against her.  In fact, in her latest submission to the Court, McCray states that she requested the transfer to another work site herself – the transfer which is the basis for this action.  (See id.)  Indeed, McCray has stated no facts which indicate CUNY's involvement in any way in the decision to transfer her or its involvement in Allied Barton's response to her request for a reasonable accommodation.

Second, setting aside the fact that McCray has not alleged any facts that show CUNY had a role in her transfer or termination, she also has not alleged any facts that give rise to an inference of discriminatory intent.  McCray only states conclusorily that she was "subjected to disparate treatment by . . . CCNY and . . . transferred to a different work site because of [her] race." (See Pl. Opp.)  Since McCray's Objection is similarly lacking,[5] the Court finds that she has failed to state a claim under Title VII.

The court dismisses the Title VII claim with leave to amend.  Should McCray choose to amend, the Court notes that she must plead sufficient plausible facts to state a claim under Title VII.  Specifically, she must show that: (1) CUNY was her employer, (2) CUNY took an adverse employment action against her, and (3) the action occurred under circumstances giving rise to an inference of discriminatory intent.  The Court notes that McCray's objections which claim to identify CUNY as her employer are inadequate and that she will need to allege additional plausible facts in order to survive a future motion to dismiss.

---

[5] McCray's Objection includes the question, "How did CUNY discriminate against McCray against her age, religion, gender, or race? (Under Title VII of the Civil Rights Act of 1964)," but provides no answer. (See Pl. Obj. ¶ 3.)

### V.     Conclusion

The Court dismisses the ADA and NYHRL claims with prejudice, and dismisses the Title VII claims with leave to file an Amended Complaint by April 29, 2011. The Clerk of Court is directed to terminate the motion at Docket # 10.

Dated: New York, New York
       March 25, 2011

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Joe Ann McCray
74-47 64th Place, Apt. 2R
Ridgewood, NY 11385

Neil Shevlin, Esq.
New York State Office of the Attorney General
120 Broadway
New York, NY 10271